FILED
HARRISBURG, PA
JUN 2 3 2008
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH A. SPOONHOUR, d/b/a CANDLECUP, Plaintiff | 1 : CV - 08 - 1188 |
| v. | CIVIL ACTION NO. |
| THE AUTOM CHURCH SUPPLY COMPANY, INC., Defendant | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Kenneth A. Spoonhour d/b/a Candlecup ("Spoonhour"), for his complaint against Autom Church Supply Co., Inc. ("Autom"), alleges as follows:

### NATURE AND BASIS OF THE ACTION

1.  This is an action for infringement of a United States patent arising under the patent laws of the United States, 35 U.S.C. §1, *et seq*. and for breach of contract arising under Pennsylvania state law.

## PARTIES

2. Spoonhour is an adult individual with his principal address at 6 Drexel Hills Circle, New Cumberland, PA 17070.

3. Upon information and belief, Autom is an Arizona corporation having its principal place of business at 5226 South 31st Place, Phoenix, Arizona 85040.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the patent infringement claim under 28 U.S.C. § 1331 because that claim involves a federal question under the laws of the United States concerning actions relating to patents under 28 U.S.C. § 1338(a).

5. This Court has subject matter jurisdiction over the breach of contract claim under 28 U.S.C. § 1332 because the claim involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000. This Court further has jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367 as it arises out of the same transaction and occurrence as the patent infringement claim.

6. The Court has personal jurisdiction over defendant Autom because, upon information and belief, Autom is present and doing business in the Commonwealth of Pennsylvania, either directly, or through its agents, or

alternatively, because defendant is subject to personal jurisdiction under the provisions of 42 Pa. C.S.A. §5322(a).

7. Venue in this District is proper under 28 U.S.C. §§1391 and 1400(b), because Autom resides in this district, a substantial part of the relevant events or omissions giving rise to the claims occurred in this District, and Autom's products at issue in this action are offered for sale in this District, throughout Pennsylvania and throughout the United States of America.

## FACTUAL BACKGROUND

8. Spoonhour is engaged in the business of, among other things, designing, developing, manufacturing, and distributing candle cup holders throughout the world.

9. Upon information and belief, Autom is in the business of importing and distributing throughout the United States, including Pennsylvania, various consumer related religious products, including candle holders.

10. On March 8, 1994, United States Letters Patent No. 5,292,245, entitled "Plastic Hand Held Candle Holder" ("the '245 patent") was duly and legally issued to Spoonhour. Spoonhour is and at all relevant times has been the exclusive owner of the '245 patent. A copy of the '245 patent is attached here to as Exhibit A.

11. The '245 patent claims, among other things, a unique, novel, inventive and non-obvious hand held candle holder commonly used, for example, during candlelight services (the "Candle Cup Holder").

12. Spoonhour sells and distributes his Candle Cup Holder nationwide through distributors serving religious organizations, and directly to religious organizations.

13. Spoonhour has permanently affixed notice of his patent in the form "U.S. Patent No. 5,292,245" on each Candle Cup Holder.

14. On June 8, 2001, Spoonhour filed an action in this Court styled *Kenneth A. Spoonhour v. The Autom Church Supply Company, Inc.*, Case No. 1:CV-01-1020 alleging, *inter alia*, patent infringement, trade dress infringement and related claims against Autom.

15. In or around March 2002, the parties resolved the dispute and entered into a settlement agreement (Settlement Agreement). A copy of the Settlement Agreement is attached hereto as Exhibit B.

16. In the Settlement Agreement, Autom paid Spoonhour an amount of $20,000 plus his attorneys' fees and agreed to permanently discontinue "all use, advertising or sale" of any "candle holder infringing upon Spoonhour's '245 patent or Candle Cup Trade Dress."

17. Autom is currently selling a product called "Sure-Grip Drip Protector" having a part number KC757 ("KC757 candle holder").

18. Autom's KC757 candle holder is being sold and offered for sale at least through its printed catalog and website. A copy of the catalog and webpage advertisements are attached hereto as Exhibits C and D, respectively. Photographs of the KC757 candle holder are attached hereto as Exhibit E.

19. Spoonhour became aware of Autom's sale of the KC757 candle holder in or around February, 2008.

20. Autom had access to and was aware of the '245 patent at all times prior to the introduction of the KC757 candle holder.

21. Upon information and belief, Autom's actions have been motivated exclusively by financial gain and have been taken with full knowledge of Spoonhour's superior legal rights.

## COUNT I
## PATENT INFRINGEMENT OF U.S PATENT NO. 5,292,245

22. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 21 above as though fully set forth herein.

23. Autom is directly infringing, contributing to the infringement of, and/or inducing infringement, either literally or under the doctrine of equivalents,

5

of at least claims 1-3, 5-8, 11-19 and 21-23 of the '245 patent, through, among other activities, the manufacture, use, importation, sale, and/or offer for sale of at least its KC757 candle holder.

24.  Autom's infringement has injured Spoonhour and he is entitled to recover damages adequate to compensate him for such infringement, but in no event less than a reasonable royalty.

25.  Upon information and belief, Autom's infringement has been willful and deliberate in reckless disregard of the '245 patent and has injured and will continue to injure Spoonhour unless and until this Court enters an injunction prohibiting further infringement, and specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that infringe the claims of the '245 patent.

## COUNT II
## BREACH OF CONTRACT

26.  Plaintiff incorporates the allegations set forth in Paragraphs 1 through 25 above as though fully set forth herein.

27.  Autom's actions, as described above, constitute a material breach of the Settlement Agreement.

28.  Autom's wrongful actions were committed with willful and wanton

disregard for Spoonhour's rights and Autom's obligations under the Settlement Agreement.

29. Autom's breach of the Settlement Agreement through the sale of infringing candle holders has injured Spoonhour and he is entitled to recover damages and to seek specific performance of that Agreement as a result of said breach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenneth A. Spoonhour d/b/a Candlecup requests the Court to enter judgment against Defendant Autom Church Supply Company, Inc., and against its subsidiaries, affiliates, agents, servants, employees and/or all persons in active concert or participation with them, granting the following relief:

A. An order declaring that Autom is infringing the claims of the '245 patent;

B. An order declaring that Autom is in breach of the Settlement Agreement;

C. An order that Autom deliver up to Spoonhour for destruction all molds and products that infringe the '245 patent and all catalogs and other marketing materials used in connection with the manufacture, marketing, or sale of the infringing candle holders;

D. An injunction, preliminarily until trial and permanently thereafter, prohibiting further infringement of the '245 patent;

E. An award of damages adequate to compensate Spoonhour for the patent infringement and breach of contract that has occurred, together with prejudgment interest from the date infringement of the '245 patent began;

F. Increased damages as permitted under 35 U.S.C. § 284;

G. A finding that this case is exceptional and an award to Spoonhour of his attorneys' fees and costs as provided by 35 U.S.C. § 285; and

H. Such other and further relief as this Court may deem proper and just.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

                McNEES WALLACE & NURICK LLC

By _____
Alan R. Boynton, Jr.
I.D. No. 39850
aboynton@mwn.com
Harvey Freedenberg
I.D. No. 23152
hfreeden@mwn.com
Shawn K. Leppo
I.D. No. 94569
sleppo@mwn.com

100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
(717) 237-5300 (fax)

Attorneys for Plaintiff

Date: June 23, 2008